**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF MISSISSIPPI**
**WESTERN DIVISION**

**MICHAEL D. MATHIS**                                                    **PLAINTIFF**

**VERSUS**                                                     **CIVIL ACTION NO. 3:09CV71-P-A**

**NORTHEAST MISSISSIPPI**
**ELECTRIC POWER ASSOCIATION**                                    **DEFENDANT**

## ORDER

This cause is before the Court on the defendant's Motion for Summary Judgment [38]. The Court, having reviewed the motion, the response, the briefs of the parties, the authorities cited and being otherwise fully advised in the premises, finds as follows, to-wit:

Plaintiff concedes the defendant's entitlement to judgment as a matter of law with regard to his claim for retaliation under 11 U.S.C. § 525(b). Moreover, although his response in opposition to the instant motion does not expressly concede his claim for failure to promote under 42 U.S.C. § 1981 and/or Title VII, he failed to adduce any evidence to rebut the defendant's well-supported motion. In light thereof, the Court concludes defendant is entitled to summary judgment on that claim as well.

However, insofar as concerns plaintiff's 42 U.S.C. § 1981 and/or Title VII claims for hostile work environment and disparate treatment, the Court concludes that the plaintiff has demonstrated a triable issue of fact. Accordingly, summary judgment is inappropriate. In ruling on a motion for summary judgment, the court is not to make credibility determinations, weigh evidence, or draw from the facts legitimate inferences for the movant. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986). Rather, the evidence of the nonmovant is to be believed, and all justifiable inferences

are to be drawn in its favor. Id. at 255. The United States Supreme Court has granted the trial court some degree of flexibility when confronted with a summary judgment motion: "Neither do we suggest . . . that the trial court may not deny summary judgment in a case where there is reason to believe that the better course would be to proceed to a full trial." Id.

IT IS, THEREFORE, ORDERED AND ADJUDGED that the defendant's Motion for Summary Judgment [38] should be, and hereby is, GRANTED IN PART and DENIED IN PART. Plaintiff's 11 U.S.C. § 525(b) claim and his 42 U.S.C. § 1981 and Title VII claims for failure to promote are hereby DISMISSED WITH PREJUDICE. IT IS FURTHER ORDERED that plaintiff's remaining claims under 42 U.S.C. § 1981 and Title VII are to be adjudicated at a trial on the merits.

SO ORDERED, this the 4th day of November, 2010.

/s/ W. Allen Pepper, Jr.
W. ALLEN PEPPER, JR.
UNITED STATES DISTRICT JUDGE